UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRAGGS CONSTRUCTION COMPANY,

Plaintiff,

-vs-   Case No. 6:06-cv-682-Orl-18JGG

FEDERAL INSURANCE COMPANY,

Defendant.

# ORDER

THIS CAUSE comes on for consideration upon Defendant Federal Insurance Company's ("Defendant") Motion to Strike Testimony (Doc. 27, filed January 30, 2007), to which Plaintiff Craggs Construction Company ("Plaintiff") has not responded.[1] After reviewing the Motion and Memorandum provided by Defendant, this Court **GRANTS** the Motion to Strike Testimony of Attorney H. Bruce Shreves.

## BACKGROUND

Plaintiff has retained Attorney H. Bruce Shreves, with the law office of Simon, Peragine, Smith & Redfearn, L.L.P. in New Orleans, to provide expert testimony in the instant case. (See Doc. 27 at 2; Doc. 27-2 at 1.) Defendant argues that the entirety of Shreves's report consists of legal opinions, which are not proper grounds for expert testimony. Defendant asserts that under

---

[1] This Court recognizes that Plaintiff did file an Unopposed Motion to Enlarge Time to Respond to Defendant's Motion to Strike Testimony (Doc. 28, filed February 1, 2007), which was granted by Magistrate Judge James G. Glazebrook. (Doc. 29, filed February 5, 2007.) Plaintiff was given an extension of time until March 2, 2007. Therefore, Plaintiff failed to file a response despite asking for, and being granted, an extension of time.

Federal Rules of Evidence 702 and 704, the testimony of Shreves should be stricken from the record.

## ANALYSIS

Federal Rule of Evidence 702 is the basic rule dealing with expert witnesses – stating that in order to be admissible the expert's testimony must be helpful in deciding the case, and that the expert's testimony also must be sufficiently reliable to assist the factfinder. See Fed. R. Evid. 702 commentary. Federal Rule of Evidence 704 likewise deals with expert testimony, providing that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704. However, an expert is not allowed to impede on the role of the Court, whose job it is to instruct the jury as to the requirements of law that apply to the particular facts of the case. See Fed. R. Evid. 704 commentary; see also Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1112 (11th Cir. 2005) (stating that "testifying experts may not offer legal conclusions"). Furthermore, "[d]eterminations of the admissibility of evidence are left to the broad discretion of the district court." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

Shreves's analysis is, quite simply, a series of legal conclusions regarding whether a performance bond surety can be liable for property damages caused by the negligence of its principal. In fact, Shreves states as much in the conclusion of his analysis. (See Doc. 27-2 at 11.) Admission of Shreves's testimony would only serve the purpose of telling the jury what result to reach, which is beyond the purview of expert testimony. See Montgomery, 898 F.2d

at 1541. "A witness . . . may not testify to the legal implications of conduct: the court must be the jury's only source of law." Id. Therefore, Shreves's testimony cannot properly be admitted as evidence into this lawsuit. As Defendant noted, Plaintiff's counsel is more than capable of advancing these legal arguments in their motions, memoranda, and ultimately at trial.

## CONCLUSION

For the above reasons, Defendant's Motion to Strike Testimony of Attorney H. Bruce Shreves (Doc. 27) is **GRANTED**. Shreves's report is full of legal conclusions that are not the proper subject of expert testimony before this Court.

**DONE** and **ORDERED** in Orlando, Florida on this _16_ day of May, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties