UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRAGGS CONSTRUCTION COMPANY,

Plaintiff,

-vs-                                                                          Case No. 6:06-cv-682-Orl-18JGG

FEDERAL INSURANCE COMPANY,

Defendant.

# ORDER

THIS CAUSE comes on for consideration upon Defendant Federal Insurance Company's ("Defendant") Motion for Summary Judgment (Doc. 25, filed January 29, 2007), to which Plaintiff Craggs Construction Company ("Plaintiff") responded in opposition. (Doc. 32, filed March 9, 2007.) Plaintiff brings this action against Defendant asserting a claim for damages for a breach of performance bond related to a subcontract between Plaintiff and Florida Industrial Electric, Inc. ("FIE"), to which Defendant was the surety. After reviewing the motions and memoranda provided by the parties, this Court **DENIES** Defendant's Motion for Summary Judgment.

## I. FACTUAL BACKGROUND

In September 2003, Plaintiff contracted with Sanford Airport Authority ("SAA") to construct a taxiway at the Orlando-Sanford International Airport ("the airport") in Seminole County, Florida. Plaintiff then entered into a subcontract with FIE to provide the electrical and lighting work for the project. Pursuant to the subcontract between Plaintiff and FIE, Defendant

issued a performance bond to secure FIE's performance under the subcontract. The obligor on the performance bond is FIE, the obligee is Plaintiff, and the surety is Defendant. On or about April 21, 2004, SAA terminated the contract with Plaintiff, alleging, among other things, a failure to provide the necessary services to fulfill the contract. Despite the termination of the contract between Plaintiff and SAA, FIE remained on the project to complete the electrical and lighting work. FIE completed this project on or about August 31, 2004.

On May 6, 2004, SAA filed a civil action in state court against Plaintiff and Plaintiff's surety, Safeco Insurance Company, alleging that Plaintiff failed to perform its duties as a general contractor and that Plaintiff abandoned the contract between SAA and Plaintiff. On June 24, 2004, Plaintiff filed a Third-Party Demand against FIE in the state case, alleging causes of action for breach of contract and indemnity against FIE. This civil action is still ongoing in the Eighteenth Judicial Circuit in and for Seminole County, Florida.

Plaintiff filed the immediate action on March 27, 2006, in the Eighteenth Judicial Circuit in and for Seminole County, Florida, against Defendant. Plaintiff has alleged in this suit that FIE performed its work under the subcontract negligently, resulting in damages to Plaintiff, including termination of the general contract by SAA, payments owed to Plaintiff that have been withheld by SAA, and Plaintiff being subjected to a lawsuit by SAA. Plaintiff alleges that Defendant, as the surety in the performance bond, is responsible for FIE's negligence. Defendant removed this case to this Court on May 18, 2006, based upon diversity jurisdiction.

## II. DISCUSSION

### A. *Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50.

Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

### B. Dispute as to Material Fact

Plaintiff and Defendant are in dispute over whether Defendant is liable to Plaintiff for damages resulting from FIE's purported failure to adequately construct the taxiway lighting system. Defendant's Motion for Summary Judgment rests on the notion that Plaintiff's own electrical engineering expert, Warren Hahn, asserted that FIE's installation could not have been the proximate cause of any damages to the runway lighting system. However, Hahn also stated the following in his executive summary: "FIE was negligent in installing the temporary runway lighting cable, resulting in the cable being ripped apart by an aircraft jet blast. As a result, the [SAA] has sued for actual and liquidated damages to the runway 9L-27R lighting system." (Doc. 25-3 at 1, 14.) It is certainly not within the province of this Court to determine at the summary judgment stage how to evaluate the (perhaps) varying statements of Plaintiff's expert. In fact, Defendant states in its Motion for Summary Judgment that it "accepts the opinions and testimony of Mr. Hahn as true and undisputed." (Doc. 25 at 3.) Defendant cannot merely pick and choose the portions of the expert's opinion that support its case, while ignoring other portions which state FIE was negligent.

This is a situation where more than one story can be gleaned from the facts before the Court at this stage. As the Eleventh Circuit has stated, "if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion."

Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 594 (11th Cir. 1995). Such a dispute over material facts is within the purview of the fact finder, not the Court on summary judgment, to decide.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.[1]

DONE and ORDERED in Orlando, Florida on this  16  day of May, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Defendant also claimed in its Motion for Summary Judgment that Plaintiff's claim is premature and should be dismissed with prejudice until the state court case in the Eighteenth Judicial Circuit in and for Seminole County, Florida is resolved. This Court addresses this claim in a separate order.