UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRAGGS CONSTRUCTION COMPANY,

Plaintiff,

-vs-                                                        Case No. 6:06-cv-682-Orl-18JGG

FEDERAL INSURANCE COMPANY,

Defendant.

## ORDER

THIS CAUSE comes on for consideration upon Plaintiff Craggs Construction Company's ("Plaintiff") Motion to Stay or Abate, or in the Alternative, Continue Trial (Doc. 33, filed April 13, 2007), to which Defendant Federal Insurance Company ("Defendant") responded in opposition. (Doc. 34, filed April 24, 2007.) After reviewing the motions and memoranda filed by each party, this Court **GRANTS** a stay of this case until such time as the related state court case is completed.

### I. FACTUAL BACKGROUND

In September 2003, Plaintiff contracted with Sanford Airport Authority ("SAA") to construct a taxiway at the Orlando-Sanford International Airport ("the airport") in Seminole County, Florida. Plaintiff then entered into a subcontract with Florida Industrial Electric, Inc. ("FIE") to provide the electrical and lighting work for the project. Pursuant to the subcontract between Plaintiff and FIE, Defendant issued a performance bond to secure FIE's performance under the subcontract. The obligor on the performance bond is FIE, the obligee is Plaintiff, and

the surety is Defendant. On or about April 21, 2004, SAA terminated the contract with Plaintiff, alleging, among other things, a failure to provide the necessary services to fulfill the contract. Despite the termination of the contract between Plaintiff and SAA, FIE remained on the project to complete the electrical and lighting work. FIE completed this project on or about August 31, 2004.

On May 6, 2004, SAA filed a civil action in state court against Plaintiff and Plaintiff's surety, Safeco Insurance Company, alleging that Plaintiff failed to perform its duties as a general contractor and that Plaintiff abandoned the contract between SAA and Plaintiff. On June 24, 2004, Plaintiff filed a Third-Party Demand against FIE in the state case, alleging causes of action for breach of contract and indemnity against FIE. This civil action is still ongoing in the Eighteenth Judicial Circuit in and for Seminole County, Florida.

Plaintiff filed the immediate action on March 27, 2006, in the Eighteenth Judicial Circuit in and for Seminole County, Florida, against Defendant. Plaintiff has alleged in this suit that FIE performed its work under the subcontract negligently, resulting in damages to Plaintiff, including termination of the general contract by SAA, payments owed to Plaintiff that have been withheld by SAA, and Plaintiff being subjected to a lawsuit by SAA. Plaintiff alleges that Defendant, as the surety in the performance bond, is responsible for FIE's negligence. Defendant removed this case to this Court on May 18, 2006, based upon diversity jurisdiction.

This action is presently set for trial during the trial period commencing July 2, 2007. It has not been previously continued. The related state court action was originally set on a trial

docket beginning March 26, 2007. A continuance was moved for by SAA, and was granted by the state court. The state court action is now on the trial docket commencing August 13, 2007.

## II. ANALYSIS

Plaintiff has filed this motion asking the Court to stay, abate, or continue this trial. Plaintiff asserts that Defendant's "liability to [Plaintiff] in this action depends on whether damages are awarded to [SAA] from [Plaintiff] for the alleged damage to the runway lighting system arising out of FIE's negligence." (Doc. 33 at 3.) As this Court has determined that a stay in this case is appropriate, there is no need to address Plaintiff's request for abatement or continuance.[1]

"[A] court may exercise its inherent discretionary authority to stay cases . . . in the interests of justice and efficiency." Shell Oil Co. v. Altina Assocs., Inc., 866 F. Supp. 536, 540 (M.D. Fla. 1994) (citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936)). Defendant argues, however, that a decision by this Court to stay this case would be "in clear derogation of the strong presumption in favor of federal jurisdiction," established in the well-known Supreme Court cases Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983). Defendant then goes through the six-factor test set out by the Supreme Court in these two cases.

---

[1] The Court feels it appropriate to note, however, that the analysis for a continuance would have been incredibly similar. "The decision to grant a continuance is within the sound discretion of the district court." Dempsey v. Mac Towing, Inc., 876 F.2d 1538, 1541 (11th Cir. 1989); see also Arabian Am. Oil Co. v. Scarfone, 939 F.2d 1472, 1479 (11th Cir. 1991) (the right to grant a continuance is within the discretion of the court).

as well as by subsequent Eleventh Circuit cases, such as <u>American Bankers Insurance Co. v. First State Insurance Co.</u>, 891 F.2d 882 (11th Cir. 1990).[2]

This six-factor balancing test is only to be applied when a federal court is considering whether to *dismiss* an action (through abstention from the exercise of federal jurisdiction) because of parallel state court litigation, however. See <u>Colo. River</u>, 424 U.S. at 818. Dismissal is not the action this Court is taking through granting a stay in this case. As Plaintiff points out, if Plaintiff "receives a defense verdict on [SAA]'s 'lighting' claims then FIE/[Defendant] will owe no damages to [Plaintiff] and no trial in this [federal] action will be necessary." (Doc. 33 at 3.) Staying this case is simply a matter of using judicial resources (both state and federal) most appropriately. As the present suit could be mooted by the outcome in the related state trial, this Court finds it more than proper to grant a stay at this time. Finally, as the stay is not indefinite in scope (the state trial is scheduled for August 2007), it is appropriate under Eleventh Circuit jurisprudence. See <u>Trujillo v. Conover & Co. Commc'ns., Inc.</u>, 221 F.3d 1262, 1264 (11th Cir. 2000) ("When a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay. A stay must not be 'immoderate.'")

Additionally, Defendant asserted in its Summary Judgment motion (Doc. 25, filed January 29, 2007) that Plaintiff's claim is premature and should be dismissed with prejudice

---

[2] These six factors are: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. <u>Am. Bankers Ins. Co. v. First State Ins. Co.</u>, 891 F.2d 882, 884 (11th Cir. 1990).

until the state court case is resolved. The Court finds this assertion to be without merit. All claims related to this suit are ripe for adjudication; it is merely a better use of the court system to maintain a holding pattern in the present case until the state case is completed.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay this Case is **GRANTED**. A stay is therefore granted until such time as the related state court case, entitled <u>Sanford Airport Authority v. Craggs Construction Co.</u>, Case No. 04-CA-1103-15-K, on the docket of the Eighteenth Judicial Circuit in and for Seminole County, Florida, is completed. This case will be reset on the trial calendar after the completion of the state court case. Upon completion of the state court case, the parties will also be free to file motions addressing whether this federal case should proceed.

Additionally, Defendant's Motion to Dismiss (included in Defendant's Motion for Summary Judgment, Doc. 25) is **DENIED**.[3]

**DONE** and **ORDERED** in Orlando, Florida on this ___16___ day of May, 2007.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[3]Defendant's Summary Judgment Motion is addressed in a separate Order.

-5-